*220 Tlie judgment of the court was pronounced by
Slidell, J.
The defendant is sued upon anote payable 1st February, 1839, made by Morgan to the order of Coolc, and endorsed by the payee, the defendant, the plaintiff, and others. It was protested at maturity, and notice to the defendant mailed: the regularity of which notice has been discussed at bar. This we do not, however, consider, as the case is with the defendant on the piea of prescription.
It appears from the evidence that, in December 1839, suit was brought upon the note by the Bank of Louisiana, then holder, against the maker Christine, and two other endorsers subsequent to the defendant; and in January, 1840, there was judgment for the plaintiff. In 1847, Christine paid the bank, and became the holder of the note. The defendant was cited in the present action in June, 1847. From the protest of the note, in 1839, down to June, 1847, there does not appear to have been any judicial or other resort to the defendant, nor is there evidence of any acknowledgment of liability by him during the interval.
Actions on bills of exchange, notes payable to order or bearer are prescribed by live years, reckoning from the day when these engagements were payable. The prescription runs against minors and interdicted persons, and persons residing out of the State. C. C. art. 3505, 3506. How the plaintiff can resist the prescription claimed under these provisions we are unable to perceive. The action is against an endorser upon his endorsement nakedly, and unaided by any subsequent act or circumstance on the endorser’s part; and eight years had elapsed from the maturity of the note before he is attacked. The action is therefore prescribed. It is said the plaintiff’s cause of action did not arise until 1847, when he paid the Bank of Louisiana; and until then, he having no right of action, could not act. But how did the matter stand at that date, as to the holder to whom he paid. Clearly, the bank could not at that date have recovered against Chaney ; and the plaintiff, when he paid the bill, took the place of the holder. It is time, that an endorser who pays a bill is equitably considered as paying so much money for the benefit of the prior endorser. And this equitable view of the relation of the parties was adopted to enable a subsequent endorser to recover from his prior endorser partial payments made on account of the bill or note still remaining in the hands of the holder, who is entitled to keep it, so as to have his recourse against all the parties, until he is fully paid. But how can the defendant be considered as having paid the bank a sum of money for Chaney, when at the time of payment Chaney had ceased to be liable to the bank 7
The maxim contra non valeniem would clearly be misapplied in this case. Christine, by paying the note when he was sued, or at any timo within five years after its maturity, would have become the holder of the‘note, and could have acted against Chaney. He says his poverty prevented him; but this is not a legal excuse.
Judgment affirmed, with costs.